833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kevin HICKEY, Melissa Lorene Hickey, Jenny Leigh Hickey,
Plaintiff-Appellant,
v.
Lola Ann BAXTER, Edward Baxter, Doll Baxter, Defendant-Appellee.
 No. 87-2028.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 9, 1987.
Decided: Nov. 19, 1987.
 
 Before JAMES DICKSON PHILLIPS, CHAPMAN, and WILKINSON, Circuit Judges.
 Steven Mark Garver (Garver & Moller on brief) for appellants.
 William Michael Holm (Alan B. Craft, Hazel, Thomas, Fiske, Beckhorn & Hanes on brief) for appellees.
 PER CURIAM:
 
 
 1
 Appellant Kevin Hickey appeals an order of the district court staying proceedings pending Supreme Court resolution of relevant issues in Thompson v. Thompson, 798 F.2d 1547 (9th Cir.1986), cert. granted, --- U.S. ----, 107 S.Ct. 946, 93 L.Ed.2d 996 (1987). We affirm.
 
 
 2
 Appellant Kevin Hickey originally filed suit in district court seeking enforcement of a Virginia custody order pursuant to the Parental Kidnapping Prevention Act, 28 U.S.C. Sec. 1738(A) (Supp.1987). After dismissal by the district court, Hickey appealed and we remanded to determine whether the Virginia custody order deserves full faith and credit under the PKPA. On remand, the district court stayed proceedings until the Supreme Court heard Thompson v. Thompson, supra, and addressed the issue of whether the PKPA creates a private cause of action. Hickey then brought this appeal. Among other arguments, appellee Lola Ann Baxter contends that this court lacks jurisdiction to hear an appeal of an order staying proceedings. We conclude that this court has jurisdiction to hear this matter, and finding no abuse of discretion, we affirm the order of the district court.
 
 
 3
 * Under 28 U.S.C. Secs. 1291-1292, (1966 & Supp.1987) an order is immediately appealable if it is a final decree, an interlocutory order involving either an injunction, receiver or admiralty matter, or an interlocutory order certified under 28 U.S.C. Sec. 1292(b). Baxter contends that an order staying proceedings does not meet any of the statutory requirements and therefore is not immediately appealable. We disagree. The order staying proceedings in this case has an injunctive impact: the effect of the stay is to deny Hickey a timely resolution of the custody dispute. For this reason, we find the order appealable under Sec. 1292(a)(1) as an interlocutory order "granting, continuing, modifying, refusing or dissolving injunctions...." Id.
 
 II
 
 4
 It is well established that a district court has broad discretion to control the disposition of cases on its docket. The Supreme Court sanctioned this discretion by noting the following in Landis v. North America Company, 299 U.S. 248 (1936):
 
 
 5
 The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.
 
 
 6
 Id. at 254-55.
 
 
 7
 We find that the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues. Accordingly, we affirm the order below.
 
 
 8
 AFFIRMED.